CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 28 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| ANTONIO J. BARNETT,<br>Petitioner, | Civil Action No. 7:06-cv-00244 |
| v. | **MEMORANDUM OPINION** |
| TERRY O'BRIEN, WARDEN,<br>Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner Antonio J. Barnett, a District of Columbia inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. Petitioner Barnett challenges the validity of his confinement at the United States Penitentiary in Lee County, Virginia. He claims that officials with the United States Bureau of Prisons (BOP) violated his rights by denying his request for a transfer to a medium security facility. Upon consideration of the petition, the court is of the opinion that it should be dismissed summarily, as it is clear from the petition that the Barnett is not entitled to relief.

Barnett states that he was convicted in the District of Columbia of first degree murder and is serving a prison sentence of thirty years to life for that offense. He has been incarcerated on this sentence since May 20, 1993. Before his transfer to the BOP, he was classified as a medium security inmate and housed in that type of facility. He presents documentation indicating that since his transfer into the BOP, he has been a model prisoner. On an undated Transfer Application, Barnett's unit team at the penitentiary refers him for transfer to a lower security facility based on his conduct, rapport with staff, participation in rehabilitative and education programs, above average work reports, and overall neatness. The Mid-Atlantic Regional Office of the BOP denied Barnett a transfer to a medium security facility, but approved transfers for other inmates with the same, similar

1

or worse crimes and sentences. Barnett did not receive a statement of reasons that his transfer was denied.

Barnett claims that the differential treatment of inmates' transfer requests violates 28 U.S.C. § 3621(b). This provision provides that "[i]n designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic status." It further provides:

> The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering--
> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence--
> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
> (B) recommending a type of penal or correctional facility as appropriate;

§ 3621(b) (emphasis added).

The court cannot find that Barnett has any possible ground for relief under § 2241. First, inmates have no constitutional right to be housed in any particular prison or jail, regardless of security classification. Meachum v. Fano, 427 U.S. 215 (1976). Second, he cannot prove an equal protection violation here, as he cannot prove himself to be similarly situated to the transferred inmates in all relevant respects considered by the BOP in making transfer decisions under the statute. See Moss v. Clark, 886 F.2d 686 (4th Cir. 1989). He also fails to alleges facts indicating any purposeful discrimination against him. Morrison v. Garraghty, 239 F.3d 648 (4th Cir. 2001).

Third, the federal statute itself does not provide Barnett any ground for relief. It grants the

BOP broad discretion to determine the appropriate prison for each inmate, based on several highly discretionary factors. Although it does prohibit favoritism based on economic status or social position, Barnett has not alleged any facts from which a reasonable fact finder could determine that the other inmates who received transfers did so because of they ranked higher than he does in economic or social status. As he fails to allege facts stating any possible claim for relief, the court will summarily dismiss his petition. An appropriate final order will be entered this day.

The Clerk of the Court is directed to send certified copies of this memorandum opinion and final order to petitioner.

ENTER: This 28th day of April, 2006.

*[signature]*
Senior United States District Judge